UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIZABETH PEACOCK AND
GLENN PEACOCK, husband and wife,

    Plaintiffs,

vs.

CASE NO. 09-14805
HON. LAWRENCE P. ZATKOFF

ACUITY INSURANCE COMPANY,

    Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on May 6, 2010

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter comes before the Court on Defendant's motion to add necessary parties pursuant to Fed. R. Civ. P. 19(a)(1)(A) [dkt 4]. The parties have fully briefed this motion. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the reasons set forth below, Defendant's motion is DENIED.

## II. BACKGROUND

This cause of action arose out of an April 16, 2009, incident wherein Plaintiff Elizabeth Peacock ("Peacock") was allegedly struck by an uninsured vehicle owned and operated by Ashley Chattick ("Chattick"). The accident resulted in the amputation of Peacock's left leg, as well as other

injuries. At the time of the accident, Peacock was acting in the scope of her employment with Marcotte Disposal Company ("Marcotte") as a waste disposal truck operator. On or about October 13, 2009, Plaintiffs commenced suit against Defendant in the 3rd Judicial Circuit Court, Wayne County, Michigan, seeking redress under a commercial policy of insurance issued by Defendant to Marcotte. Specifically, Plaintiffs seek payment under the policy's "Uninsured Motorist Endorsement" provision, wherein Defendant agreed to "pay all sums the insured is legally entitled to recover as compensatory damages from the owner of driver or an uninsured motor vehicle." Defendant does not contend in its motion that Plaintiff is not entitled to enforce provisions of this policy. On December 8, 2009, Defendant removed this action to the United States District Court for the Eastern District of Michigan based on diversity jurisdiction. In its present motion, Defendant argues that Marcotte and Chattick are necessary parties to this action because, under Fed. R. Civ. P. 19(a)(1)(A), the Court cannot accord complete relief among the existing parties in their absence.

### III. LEGAL STANDARD

Under Fed. R. Civ. P. 19(a)(1)(A), "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties . . . ."

### IV. ANALYSIS

Defendant first argues that Marcotte is a necessary party because it is a party to the underlying insurance contract. However, Defendant offers no explanation as to why this renders Marcotte a necessary party. Instead, Defendant merely cites *Rojas v. Loewn Group Int'l*, 178 F.R.D. 356, 361 (D. P.R.1998), a non-binding case from the District of Puerto Rico, for the proposition that "[g]enerally, in breach of contract actions, all parties to the contract are necessary ones." Without

more, the Court finds that this is insufficient to add Marcotte as a necessary party in this case.

Defendant also argues that Marcotte and Chattick are necessary parties because Michigan law imputes liability to Marcotte and Chattick as the registered owners of the vehicles involved in the accident. *See* Mich. Comp. Laws § 257.401 ("The owner of a motor vehicle is liable for an injury caused by the negligent operation of the motor vehicle whether the negligence consists of a violation of a statute of this state or the ordinary care standard required by common law."). However, the fact that Mich. Comp. Laws § 257.401 may impute liability to certain individuals does not mean that a plaintiff must sue those persons. The purpose of obtaining uninsured motorist coverage is to enable the insured to recover from his or her insurer instead of the uninsured motorist. While Plaintiffs could have made the decision to seek recovery from Chattick and Marcotte, Defendant has provided no authority for the assertion that Plaintiffs are precluded from seeking recovery solely under the insurance policy.

Lastly, Defendant argues that complete relief cannot be accorded by the trier of fact without the joinder of Marcotte and Chattick because liability must be allocated in proportion to each person's percentage of fault. *See* Mich. Comp. Laws § 600.2957(1) ("In an action based on tort or another legal theory seeking damages for personal injury . . . the liability of each person shall be allocated under this section by the trier of fact . . . in direct proportion to the person's percentage of fault."). However, as Plaintiffs point out, Mich. Comp. Laws § 600.2957(1) is inapplicable under the facts of this case, where there is only one person at fault. Since neither party alleges negligence or fault on the part of anyone other than Chattick, there is no fault to apportion. *See Kaiser v. Allen*, 746 N.W.2d 92, 95 (Mich. 2008) (stating that Mich. Comp. Laws § 600.2957(1) is "designed to allocate fault and responsibility for damages among multiple tortfeasors."). As Defendant

acknowledges, it merely "steps into the shoes" of Chattick in terms of liability to the extent of the policy's coverage limitations. Furthermore, Mich. Comp. Laws § 600.2957(1) also states that "[i]n assessing percentages of fault under this subsection, the trier of fact shall consider the fault of each person, regardless of whether the person is, or could have been, named as a party to the action." Thus, even if Defendant were to claim fault on the part of Marcotte, the finder of fact may consider this even if Marcotte and Chattick are not named as parties.

In its reply brief, Defendant argues that Chattick is a necessary party because in order for Plaintiffs to recover against Defendant, there must first be a legal determination that Chattick was uninsured and that Chattick is liable for Peacock's injuries. Defendant also contends that Marcotte is a necessary party because it may have been negligent in its training and supervision of Peacock. However, since these arguments were raised for the first time in Defendant's reply brief, the Court will not consider them in deciding Defendant's motion as Plaintiffs were given no opportunity to respond to them. *See Chavez-Sebastian v. United States*, No. 1:08-cr-37, 2009 U.S. Dist. LEXIS 81717, at *10-11 (W.D. Mich. Sept. 9, 2009) ("Generally, an argument raised for the first time in a reply brief is not properly before the court as the opposing side has not been afforded an opportunity to respond.") (citing *ABC Beverage Corp. & Subsidiaries v. United States*, 577 F. Supp. 2d 935, 950 n.16 (W.D. Mich. 2008)). *See also Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008). Defendant also contends in its reply brief that Marcotte and Chattick are necessary parties because it makes "practical sense" to add them to gain access to information and witnesses. The Court, however, disagrees that Marcotte and Chattick are necessary parties merely because they possess information relevant to the cause of action. *See* Fed. R. Civ. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or permit an

4

inspection.").

## V. CONCLUSION

For the reasons set forth above, Defendant's motion to add necessary parties pursuant to Fed. R. Civ. P. 19(a)(1)(A) [dkt 4] is DENIED.

IT IS SO ORDERED.

                                                            S/Lawrence P. Zatkoff
                                                           LAWRENCE P. ZATKOFF
                                                           UNITED STATES DISTRICT JUDGE

Dated: May 6, 2010

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on May 6, 2010.

                                                           S/Marie E. Verlinde
                                                           Case Manager
                                                           (810) 984-3290